IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ACECO VALVES, LLC | ) |
|       Plaintiff, | ) |
| v. | ) Case No. CIV-21-368-D |
| BRAD NEAL, et al. | ) |
|       Defendants. | ) |

## ORDER

Before the Court is Plaintiff Aceco Valves, LLC's, Motion for Partial Summary Judgment Against Defendant Patricia Wolf [Doc. No. 78]. Defendant Patricia Wolf responded in opposition [Doc. No. 85], and Plaintiff filed a reply [Doc. No. 90]. The matter is fully briefed and at issue.

### FACTUAL BACKGROUND

This case involves the sale of a small-town valve manufacturing company. Along with her husband, Patricia Wolf owned and operated Aceco Valves, Inc., for many years in Mounds, Oklahoma. Multiple Wolf family members worked at Aceco, including Ms. Wolf's grandson, Defendant Orvel "DoLee" Wolf, II. On April 6, 2018, Ms. Wolf entered into an Asset Purchase Agreement (the "APA") [Doc. No. 78-1] to sell Aceco Valves, Inc., and all of its assets to MNergy, LLC. After the purchase, MNergy, LLC, changed its name to Aceco Valves, LLC.

This dispute concerns certain non-solicitation provisions set forth in the APA. These provisions prohibited Ms. Wolf and her "Affiliates" from inducing any Aceco employee to

terminate their employment for a three-year period beginning on April 6, 2018 (the "Restricted Period"). [Doc. No. 78-1] at pp. 36-37. According to the APA's definitions, Ms. Wolf's grandson, DoLee, is considered an "Affiliate" of Ms. Wolf. The APA also provided that if Ms. Wolf or her Affiliates violated any non-solicitation provision, Plaintiff would be entitled to an accounting and repayment of profits realized by Ms. Wolf or her Affiliates. [Doc. No. 78-1] at p. 38.

In 2020, DoLee began speaking with Defendant Brad Neal about forming a new valve company. Mr. Neal was a long-tenured employee of Aceco and worked as its General Manager under the Wolfs. He continued to work for Aceco after the April 6, 2018, sale. During the Restricted Period, DoLee began soliciting Mr. Neal to work for DoLee's new company, O.W. Valve, LLC. On November 23, 2020—less than two years after Plaintiff purchased Aceco—Mr. Neal resigned from his managerial position with Aceco. He wrote:

> I was offered a position this weekend to run another valve company for the Wolf's [sic]. They made me an offer I could not refuse. I have attached my resignation letter. He met the salary I asked for which is double what I am currently making. I had to make the decision immediately because they want to start [their] [sic] new company on December 8th.

[Doc. No. 78-7] at p.1.

Plaintiff asserts several causes of action against Mr. Neal, Ms. Wolf, DoLee Wolf, and O.W. Valve, LLC, arising out of the formation and launch of O.W. Valve. But the only cause of action relevant to the instant motion is Plaintiff's breach of contract claim against Ms. Wolf for violating the non-solicitation provisions of the APA.

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the facts and evidence are such that a reasonable juror could return a verdict for either party. *Id.* All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.*

## DISCUSSION

The parties agree that the instant motion requires the Court to determine whether "Ms. Wolf is liable to Aceco for breach of the APA if an Affiliate (DoLee and O.W. Valve) induces, or attempts to induce, an Aceco employee ([Mr.] Neal) to terminate his employment during the three-year Restricted Period." [Doc. No. 78] at p. 8; [Doc. No. 85] at p. 13. Thus, the Court must consider whether, under Oklahoma law, the non-solicitation provisions are enforceable.

Ms. Wolf asserts that the non-solicitation provisions are unenforceable as an unreasonable restraint on trade. Plaintiff claims that they are enforceable under Oklahoma law, specifically Okla. Stat. tit. 15, § 219B. Provision 5.2 of the APA states:

> **5.2 Covenants by Seller and Wolf**. Except as otherwise provided in Section 5.3, during the Restricted Period, neither Seller nor Wolf or any of their respective Affiliates will engage (nor will they allow any of their Affiliates to engage and will cause their Affiliates to not engage) in any Competitive Activity or acquire or otherwise own or hold any equity or beneficial ownership interest in any Competitor, including not engaging (whether on his or her own behalf or on behalf of any other Person) in any activities

3

> similar to those described in subsections (a) through (e) below, except in furtherance of Buyer's business with the prior written approval of Buyer:
>
> * * *
>
> (d)   induce or attempt to induce any Buyer Employee to terminate their employment with Buyer or its Affiliates[.]

[Doc. No. 78-1] at p. 37.

Under the APA, "Affiliate" includes "any individual who is related to" a specified person "within the third degree." *Id.* at p. 1. Other provisions of the APA restricted Ms. Wolf and her Affiliates from selling the same products sold by Aceco or soliciting any Aceco customer. *Id.* at p. 37.

In Oklahoma, contracts in restraint of trade are generally void, subject to a few exceptions. *Bayly, Martin & Fay, Inc. v. Pickard*, 780 P.2d 1168, 1170 (Okla. 1989). The general rule is stated in Okla. Stat. tit. 15, § 217: "Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by Sections 218 and 219 of this title, or otherwise than as provided by Section 2 of this act, is to that extent void." Section 217 "prohibits only unreasonable restraints" but permits reasonable restraints protecting against unfair competition. *Bayly, Martin & Fay, Inc.*, 780 P.2d at 1172.

Plaintiff argues that the non-solicitation provisions are enforceable through the exception recognized in § 219B, which states:

> A contract or contractual provision which prohibits an employee or independent contractor of a person or business from soliciting, directly or indirectly, actively or inactively, the employees or independent contractors of that person or business to become employees or independent contractors of another person or business shall not be construed as a restraint from exercising a lawful profession, trade or business of any kind. Sections 217,

4

>218, 219 and 219A of Title 15 of the Oklahoma Statutes shall not apply to such contracts or contractual provisions.

Okla. Stat. tit. 15, § 219B. Unlike §§ 217, 218, 219, and 219A, § 219B is relatively new law. It was codified in 2013, and there is no well-settled interpretation of its meaning.

Under Oklahoma law, "the primary goal of statutory interpretation is to ascertain and follow the Legislature's intention." *Duncan v. Okla. Dept. of Corrections*, 95 P.3d 1076, 1079 (Okla. 2004). "[T]he plain meaning of a statute's language is conclusive except in the rare case when literal construction produces a result demonstrably at odds with legislative intent." *Samman v. Multiple Injury Trust Fund*, 33 P.3d 302, 307 (Okla. 2001).

Based on a plain reading of § 219B, the Court concludes that it does not apply to the non-solicitation provisions at issue here. Rather, § 219B applies to non-solicitation provisions in the context of agreements between an employer and employee. *See, e.g.,* 3C Vernon's Okla. Forms 2d, Bus. Orgs. § 14.33 (Nov. 2021 update) ("Section 219B permits an *employer* to enter into a contract with its *employee* that broadly prohibits the employee, *following the employee's employment with the employer*, from either directly or indirectly or actively or inactively seeking to hire the employer's employees or independent contractors") (emphasis added); Teresa L. Green, *The Shifting Landscape of Restrictive Covenants in Oklahoma*, 40 Okla. City U. L. Rev. 449, 459, 465 (2015) (Representative Aaron Stiles, House author of § 219B, noting that restrictive covenants signed by a business's employees "will help make business more comfortable by providing them with contractual protection for the time and money that they invest in their employees"); *see also Helmerich & Payne Int'l Drilling Co. v. Schlumberger Tech. Corp.*, No. 17-CIV-358,

2017 WL 6597512, at *6 (N.D. Okla. Dec. 26, 2017) (§ 219B prohibits an employee "from soliciting employees of one business to become employees of another").

Contrary to Plaintiff's assertion, the exception carved out by § 219B does not apply to the non-solicitation provisions at issue here. Rather, § 219B governs agreements made between employers and employees, and neither Ms. Wolf, nor DoLee, served as an employee of Aceco Valves, LLC. Based on the current summary judgment record, the Court is unable to conclude that the non-solicitation provisions at issue are enforceable. Therefore, Plaintiff's motion for partial summary judgment must be denied.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment [Doc. No. 78].

**IT IS SO ORDERED** this 12th day of September, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge