**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

ACECO VALVES, LLC               )
                                )
                    Plaintiff,  )
                                )
v.                              )          Case No. CIV-21-368-D
                                )
BRAD NEAL, et al.               )
                                )
                    Defendants. )

## ORDER

Before the Court is Plaintiff Aceco Valves, LLC's, Motion to Reconsider Court's Order Denying Plaintiff's Motion for Partial Summary Judgment [Doc. No. 92]. The motion seeks relief from the Court's September 12, 2022 Order [Doc. No. 91] denying Plaintiff's Motion for Partial Summary Judgment. Defendant Patricia Wolf responded in opposition [Doc. No. 95] and Plaintiff replied [Doc. No. 96]. The matter is fully briefed and at issue.

## BACKGROUND

This dispute involves the sale of a small-town valve manufacturing company. A more detailed recitation of the background facts can be found in the order denying Plaintiff's motion for partial summary judgment and will not be repeated here. As relevant here, Plaintiff sought partial summary judgment against Defendant Patricia Wolf pursuant to Defendant's alleged breach of a non-solicitation provision. The Court denied Plaintiff's request, and the instant motion followed.

## STANDARD OF DECISION

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). Indeed, "[a] motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), *aff'd*, 245 F.3d 1203 (10th Cir. 2001). Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) ("[A] motion for reconsideration is an extreme remedy to be granted in rare circumstances.").

## DISCUSSION

Plaintiff does not contend that there has been an intervening change in the controlling law, nor does it offer new and previously unavailable evidence. Rather, Plaintiff argues that, because the Court misapprehended its three principal arguments,

reconsideration of the Court's previous order is necessary to correct clear error or prevent manifest injustice. Each argument is addressed in turn.

First, Plaintiff claims that the non-solicitation provision at issue is not a restraint on trade at all. The non-solicitation provision appears in Section 5.2(d) of a purchase agreement among covenants not to compete.

In its motion for summary judgment, Plaintiff argued that "Section 5.2(d) is a standard contractual non-solicitation provision that is enforceable under Oklahoma law and consistent with Oklahoma public policy." Pl.'s Mot. Partial Summ. J. [Doc. No. 78] at 13 (citing Okla. Stat. tit. 15, § 219B). The Court concluded that § 219B did not apply to the non-solicitation provision at issue and instead applied to non-solicitation provisions in the context of agreements between an employer and employee. *See* Sept. 12, 2022 Order [Doc. No. 91] at 5.

Alleging that it never argued that the provision was enforceable pursuant to § 219B, Plaintiff claims that the Court misconstrued its position. It asserts that the Court erred because "the *only* argument [it] addressed was one *neither Aceco nor Defendant Patricia Wolf asserted:* whether the non-solicitation clause in the Asset Purchase Agreement ("APA") was enforceable under § 219B." Pl.'s Mot. Recons. [Doc. No. 92] at 1 (emphasis in original).

The Court disagrees that Plaintiff framed its argument as "one of contract interpretation." *See id.* at 3. After quoting § 219B's statutory text, Plaintiff simply stated: "Not only are [non-solicitation agreements] enforceable against employees and independent contractors, but they're also enforceable against sellers of a business, such as

3

Ms. Wolf. The Court should therefore hold her liable for the breach." Pl.'s Mot. Partial Summ. J. at 13-14. Plaintiff now attempts to expand its earlier argument, and better explain its position regarding the enforceability of Section 5.2(d). This is not a basis on which to grant a motion to reconsider. *See United States v. Nacchio*, 555 F.3d 1234, 1252 (10th Cir. 2009) ("Courts are not disposed to allow litigants to have two or more bites at the proverbial apple."); *see also Matosantos Com. Corp.*, 189 F.R.D. at 468 ("A motion to reconsider is not a second opportunity for the losing party to make its strongest case.").

Second, Plaintiff argues that even if the non-solicitation provision is a restraint on trade, it is not an unreasonable one. By Plaintiff's own admission, this argument was first raised in its reply; Plaintiff failed to raise this argument in its opening brief. *See* Pl.'s Mot. Recons. at 5. Ordinarily, an issue or argument insufficiently raised in a party's opening brief is deemed waived. *Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994); *see also SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised [in its reply brief] for the first time."). Consequently, the Court concludes that Plaintiff has again failed demonstrate "the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012.

Third, Plaintiff asserts that the non-solicitation provision is enforceable under Okla. Stat. tit. 15, § 218. Although Plaintiff claims to have argued that the non-solicitation provision was enforceable pursuant to § 218 in both its opening brief and its reply, the Court disagrees. Plaintiff makes but one mention of § 218 in it is opening brief, and one

4

mention of it in its reply. In neither instance does it explain how or why § 218 applies to the non-solicitation provision at issue here.

Having carefully reviewed Plaintiff's motion, the Court finds no grounds warranting reconsideration. Plaintiff points to no statement in the Court's order that is factually or legally incorrect, nor does it identify any actions that would result in manifest injustice— none of its claims have been foreclosed. Accordingly, Plaintiff has not demonstrated that reconsideration of the prior order is warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider [Doc. No. 92] is **DENIED**.

**IT IS SO ORDERED** this 14th day of October, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge