IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ACECO VALVES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-21-368-D |
| BRAD NEAL, *et al.*, | ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery from O.W. Valve, LLC and Orvel Wolf II [Doc. No. 126]. Defendants O.W. Valve, LLC and Orvel Wolf II filed a joint response [Doc. No. 131], and Plaintiff replied [Doc. No. 136]. The matter is fully briefed and at issue.

## **BACKGROUND**

This case involves the sale of a small-town valve manufacturing company. Along with her husband, Patricia Wolf owned and operated Aceco Valves, Inc., for many years. Multiple Wolf family members worked at Aceco, including Ms. Wolf's grandson, Defendant Orvel "DoLee" Wolf II. On April 6, 2018, Ms. Wolf entered into an Asset Purchase Agreement (the "APA") to sell Aceco Valves, Inc., and all of its assets to MNergy, LLC. After the purchase, MNergy, LLC, changed its name to Aceco Valves, LLC.

This dispute concerns certain non-solicitation provisions set forth in the APA. These provisions prohibited Ms. Wolf and her "Affiliates" from inducing any Aceco employee to terminate their employment for a three-year period beginning on April 6, 2018. According

to the APA's definitions, Ms. Wolf's grandson, DoLee, is considered an "Affiliate" of Ms. Wolf. The APA also provided that if Ms. Wolf or her Affiliates violated any non-solicitation provision, Plaintiff would be entitled to an accounting and repayment of profits realized by Ms. Wolf or her Affiliates.

In 2020, DoLee began speaking with Defendant Brad Neal about forming a new valve company. Mr. Neal was a long-tenured employee of Aceco and worked as its General Manager under the Wolfs. He continued to work for Aceco after the April 6, 2018 sale. During the Restricted Period, DoLee began soliciting Mr. Neal to work for DoLee's new company, O.W. Valve, LLC. On November 23, 2020—less than two years after Plaintiff purchased Aceco—Mr. Neal resigned from his managerial position with Aceco. Plaintiff asserts several causes of action against Mr. Neal, Ms. Wolf, DoLee Wolf, and O.W. Valve, LLC, arising out of the formation and launch of O.W. Valve.

Relevant here, Plaintiff claims that a number of O.W. Valve's and DoLee's discovery responses are deficient. Specifically, Plaintiff argues that the "deficiencies and supplementation at issues here are relevant to the Wolfs' conspiracy with Neal to steal and misappropriate Aceco's trade secrets and confidential information for the benefit of O.W. Valve. They're also relevant to determining whether Neal, Dolee, and O.W. Valve have complied with the preliminary injunctions." Pl.'s Mot. to Compel at 5.

## STANDARD OF DECISION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). The considerations bearing on proportionality include "the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Thus, "information is relevant if it 'bears on' or might reasonably lead to information that 'bears on' any material fact or issue in the action." 1 STEVEN S. GENSLER & LUMEN N. MULLIGAN, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 26; *see also Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 823 (W.D. Pa. 2016) ("As set forth in the advisory committee notes to the 2015 amendments to Rule 26(b)(1) and the standing committee's commentary with respect to its proposed 2015 changes to Rule 26(b)(1), the scope of discovery is limited to matter that is relevant to claims or defenses and is proportional to the needs of a case.").

An "objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant." *Bd. of Trustees of the Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-cv-2288, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016). If a discovery request seeks relevant information on its face, the objecting party bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).

3

## DISCUSSION

I.   **DoLee's Discovery Responses**

The Court addresses the following requests for production implicated by Plaintiff's Motion, as well as DoLee's responses:

> **REQUEST FOR PRODUCTION NO. 4**: All communications with existing and former employees of Aceco that you identified in response to Interrogatory No. 4, including all documents exchanged with each such person.
>
> **RESPONSE**: / Brad Neal – discussed Mr. Neal coming to work for O.W. Valve and was hired. / Mike Reed, Leo Brown and David Hudgins – discussed the possibility of each of these individuals coming to work for O.W. Valve someday. To date, none have been hired. / David Hudgins – discussed with Mr. Hudgins about design engineering a new compact valve for O.W. Valve. No documents were exchanged with these individuals.
>
> **REQUEST FOR PRODUCTION NO. 5**: All communications with all distribution companies, customers, vendors, suppliers, or contractors of Aceco that you identified in response to Interrogatory No. 5, including all documents exchanged with each such person or entity.
>
> **RESPONSE**: None.
>
> **REQUEST FOR PRODUCTION NO. 8**: From January 1, 2021 to present, all of your personal cell phone statements, cell phone text messages to, from, or relating to Aceco, O.W. Valve, Aamir Mahmood, Bill Neiman, Patricia Wolf, Brad Neal, David Hudgins, Lynn Alger, the Lawsuit, and other records of cell phone data, including all such statements, text messages and other records of cell phone data for any cell phones you have used.
>
> **RESPONSE**: This Request is overbroad and unduly burdensome and costly. Wolf operates his life from his cell phone. He delivered his cell phone to the Plaintiff's for ESI extraction on January 21, 2021. They already have all the requested information during the time of the allegations contained in their Complaint. This Request will not lead to discovery of admissible evidence and is irrelevant. It only purpose is to harass and cause financial and time burden to Wolf. Is the Plaintiff going to make this request every few months?
>
> **REQUEST FOR PRODUCTION NO. 9**: All communications with all prospective or existing owners or investors in O.W. Valve and all prospective

or existing employees, contractors, or consultants of O.W. Valve, including all documents exchanged with each such person or entity.

**RESPONSE**: Wolf is the only investor in O.W. Valve. / Brad Neal – discussed Mr. Neal coming to work for O.W. Valve and he was hired. / Mike Reed, Leo Brown and David Hudgins – discussed the possibility of each of these individuals coming to work for O.W. Valve someday. To date, none have been hired. No documents were exchanged with these individuals. / David Hudgins – discussed with Mr. Hudgins about design engineering a new compact valve for O.W. Valve.

**REQUEST FOR PRODUCTION NO. 12**: All communications with Neal related to Aceco, Bill Neimann, Aamir Mahmood, or a new valve company, including but not limited to O.W. Valve.

**RESPONSE**: Wolf communicates from his cell phone. Wolf delivered his cell phone to the Plaintiff's for ESI extraction on January 21, 2021. They already have all the requested information during the time of the allegations contained in their Complaint. This Request will not lead to discovery of admissible evidence and is irrelevant. It only purpose is to harass and cause financial and time burden to Wolf.

Pl.'s Mot. to Compel, Ex. B [Doc. No. 126-2] at 6-8. After serving the above requests, Plaintiff asked DoLee to supplement each response and, additionally, asked that DoLee produce documents from his wife's computer. Pl.'s Mot. to Compel at 9-10. DoLee objected to Plaintiff's request to supplement, arguing that the requests sought irrelevant information and that, except for Request for Production No. 9, the burden of producing responsive documents outweighed the needs of the case. Pl.'s Mot. to Compel, Ex. F [Doc. No. 126-6].

The Court first addresses Request for Production Nos. 4, 5, and 9. Plaintiff states that, although DoLee "listed some names in response to the interrogatories, he has not *produced* requested communications." Pl.'s Mot. to Compel at 7 (emphasis in original). In response to Request for Production Nos. 4, 5, and 9, DoLee stated that no documents were

5

exchanged with the individuals identified in his answers to accompanying interrogatories, or that no documents exist. Pl.'s Mot. to Compel, Ex. B at 6-8. On their face, the requests appear to seek relevant information; therefore, DoLee bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas*, 232 F.R.D. at 382. DoLee argues that post-injunction matters are not relevant to pre-injunction claims. *See* O.W. Valve and DoLee Resp. at 6-8.

The Court declines to adopt DoLee's position that the previously agreed-to injunction bars Plaintiff from discovering post-injunction information. DoLee cites no authority supporting his position, and, if nothing else, such a bar would enable parties to agree to injunctions as a means to later refuse any discovery. But discovery is broad, and, because the at-issue requests appear to seek relevant information, DoLee must show that the requested information is of marginal relevance or demonstrate some harm that outweighs the broad scope of discovery. DoLee has not done so.

Additionally, the Court agrees with Plaintiff that DoLee has a duty to supplement his responses. *See* FED. R. CIV. P. 26(e)(1). In his responses to Plaintiff's initial requests, DoLee stated that no documents were exchanged with the individuals identified in his answers to accompanying interrogatories, or that no documents exist. Pl.'s Mot. to Compel, Ex. B at 6-8. If that is still the case, DoLee is free to confirm as much in writing. However, to the extent responsive, non-privileged documents now exist, DoLee must produce such documents. DoLee's objections to Request for Production Nos. 4, 5, and 9 are overruled.

The Court next addresses Request for Production Nos. 8 and 12. Plaintiff asks that DoLee supplement his responses to each request to include information and documents through the present. Pl.'s Mot. to Compel at 10. In his letter responding to Plaintiff's request to supplement, DoLee states that he is "open to conferring with you to discuss potential limitations on the scope of this request to address our concerns about the burden and privacy issues involved." Pl.'s Mot. to Compel, Ex. F at 3, 4. DoLee reiterates his position in his May 22, 2023 letter to Plaintiff's counsel. *See* O.W. Valve and DoLee Resp., Ex. 1 [Doc. No. 131-1].

Although the Court agrees with Plaintiff that the requests, on their face, seek relevant information, the Court acknowledges DoLee's concerns regarding the potential burden of producing over two years of cell phone records. The Court encourages the parties to confer in an attempt to reach a solution to limit the burden on DoLee, while also providing Plaintiff access to the documents requested. DoLee's objections to Request for Production Nos. 8 and 12 are overruled, subject to the proportionality consideration discussed herein.

**II.    O.W. Valve's Discovery Responses**

The Court next addresses the following discovery requests implicated by Plaintiff's Motion, as well as O.W. Valve's responses:

> **INTERROGATORY NO. 8**: Identify all of O.W. Valve's revenue, profits, compensation, commissions, remunerations and benefits earned or obtained after April 6, 2021.
>
> **RESPONSE**: O.W. Valve objects to this interrogatory as the information sought is irrelevant, and the discovery of which is not likely to lead to information which would be admissible at trial; however, without waiving

7

said objections – O.W. Valve has had no revenue, or profits since its inception.

**INTERROGATORY NO. 9**: Identify all forms and amounts of compensation, benefits, and equity interests in O.W. Valve that have been offered, given, or paid to Brad Neal by or on behalf of O.W. Valve, including but not limited to wages or salary in annual, monthly or biweekly terms, paid time off benefits, health and welfare benefits, bonuses, commissions, and other perquisites and incentives.

**RESPONSE**: O.W. Valve objects to this interrogatory as the information sought is irrelevant, and the discovery of which is not likely to lead to information which would be admissible at trial; however, without waiving said objections, Brad Neal does not have an equity interest in O.W. Valve, he is an employee of O.W. Valve and has received compensation.

**INTERROGATORY NO. 11**: Identify the total value of all compensation, benefits, and equity interests that have been paid to Brad Neal since April 6, 2021 by or on behalf of O.W. Valve.

**RESPONSE**: O.W. Valve objects to this interrogatory as the information sought is irrelevant, and the discovery of which is not likely to lead to information which would be admissible at trial; however, without waiving said objections, Brad Neal does not have an equity interest in O.W. Valve, he is an employee of O.W. Valve and has received compensation.

**INTERROGATORY NO. 12**: Identify all sources of revenue earned by O.W. Valve.

**RESPONSE**: None.

**REQUEST FOR PRODUCTION NO. 3**: All communications with all prospective and existing owners or investors in O.W. Valve and all prospective and existing employees, contractors, vendors, distributors, representatives, agents, and consultants of O.W. Valve, including all documents exchanged with each such person or entity.

**RESPONSE**: O.W. Valve has not communicated with or exchanged documents with any prospective or existing owner, investor, employee, contractor, vendor, representative, agent or consultant. See *Response to Interrogatories, Requests for Production of Documents and Request for Admissions* of Defendant Orvel Wolf II, of even date.

**REQUEST FOR PRODUCTION NO. 4**: All communications with any person or entity regarding the source, design, development, manufacture, and

8

testing of valves and other products for sale or distribution by O.W. Valve, including all documents exchanged with each such person or entity.

**RESPONSE**: O.W. Valve has not communicated with or exchanged documents with any prospective or existing owner, investor, employee, contractor, vendor, representative, agent or consultant. See *Response to Interrogatories, Requests for Production of Documents and Request for Admissions* of Defendant Orvel Wolf II, of even date.[1]

**REQUEST FOR PRODUCTION NO. 5**: All business plans, marketing materials, brochures, advertisements, website designs, announcements, social media posts, solicitation communications, or other such sales and promotion related materials concerning O.W. Valve, its products, and services.

**RESPONSE**: None

**REQUEST FOR PRODUCTION NO. 6**: All documents and communications sent to or received from Brad Neal, Patricia Wolf, David Amon, James Moseley, David Hudgins, Lynn Alger, any former or existing employee of Aceco, any former or existing employee of M5, or any other person or party relating in any way to Aceco, forming a new valve company, or O.W. Valve from July 1, 2020 to the present.

**RESPONSE**: O.W. Valve has not exchanged documents with Brad Neal, Patricia Wolf, David Amon, James Moseley, David Hudgins, Lynn Alger, any former or existing employee of Aceco, any former or existing employee of M5, or any other person or party relating in any way to Aceco, forming a new valve company, or O.W. Valve from July 1, 2020 to the present, with the exception of documents that may exist in regards to Brad Neal's employment with O.W. Valve, which are irrelevant, the discovery of which is not likely to lead to information which would be admissible at trial, and because the information requested is the confidential information of O.W. Valve.

**REQUEST FOR PRODUCTION NO. 7**: All other documents, communications, or any other evidence reflecting, concerning, or otherwise relating to all sources of financing or capitalization necessary to form and launch O.W. Valve.

**RESPONSE**: None

---

[1] In addition to the deficiencies discussed below, it appears that O.W. Valve copied its response to Request for Production No. 3. O.W. Valve's response, therefore, is in no way responsive to the Request for Production No. 4 and must be supplemented.

9

**REQUEST FOR PRODUCTION NO. 8**: All quotes and responses to requests for proposals rendered for O.W. Valve for prospective customers.

**RESPONSE**: None.

**REQUEST FOR PRODUCTION NO. 15**: All financial statements and records of O.W. Valve reflecting assets, liabilities, income, debt, and losses.

**RESPONSE**: None have been created.

**REQUEST FOR PRODUCTION NO. 16**: All designs, drawings, and specifications that have been obtained, created or modified in the process of designing any valves that O.W. Valve manufactures or sells.

**RESPONSE**: O.W. Valve objects to this interrogatory as the information sought is irrelevant, the discovery of which is not likely to lead to information which would be admissible at trial, and because the information requested is the confidential information of O.W. Valve. This request is made for the Plaintiff's purpose of obtaining O.W. Valves confidential information and to use this confidential information to stifle competition, in violation of Oklahoma and federal law.

**REQUEST FOR PRODUCTION NO. 17**: Each design, drawing, and specification for each valve that O.W. Valve manufactures, sells, or intends to manufacture or sell.

**RESPONSE**: O.W. Valve objects to this interrogatory as the information sought is irrelevant, the discovery of which is not likely to lead to information which would be admissible at trial, and because the information requested is the confidential information of O.W. Valve. This request is made for the Plaintiff's purpose of obtaining O.W. Valves confidential information and to use this confidential information to stifle competition, in violation of Oklahoma and federal law.

Pl.'s Mot. to Compel, Ex. C [Doc. No. 126-3]. After serving the above requests, Plaintiff asked O.W. Valve to supplement each request. Pl.'s Mot. to Compel at 10-11. O.W. Valve objected to Plaintiff's request to supplement, arguing that the requests sought irrelevant information and that, except for Request for Production No. 9, the burden of producing responsive documents outweighed the needs of the case. Pl.'s Mot. to Compel, Ex. F.

The Court first addresses Interrogatory Nos. 8 and 12, and Request for Production Nos. 3, 4, 5, 7, 8, and 15. In some form or fashion, O.W. Valve responds to each request stating that no responsive information exists or, alternatively, that no responsive documents exist. As explained above, O.W. Valve, like DoLee, has a duty to supplement its responses. *See* FED. R. CIV. P. 26(e)(1). If O.W. Valve's responses are still accurate, O.W. Valve shall confirm as much in writing. However, to the extent responsive, non-privileged information or documents now exist, O.W. Valve must supplement its interrogatory answers and produce responsive documents accordingly.

The Court next addresses Interrogatory Nos. 9 and 11, which seek information related to Mr. Neal's compensation since he began his employment with O.W. Valve. For the reasons given addressing DoLee's argument regarding post-injunction information, O.W. Valve's objections to Interrogatory Nos. 9 and 11 are overruled.

Last, the Court addresses Request for Production Nos. 6, 16, and 17. Each of these requests, on their face, appear to seek relevant information. Therefore, O.W. Valve bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas*, 232 F.R.D. at 382. Aside from vague, conclusory statements, and its post-injunction argument, O.W. Valve has not done so. O.W. Valve's objections to Request for Production Nos. 6, 16, and 17 are overruled.

## CONCLUSION

The Court finds that Plaintiff's Motion to Compel [Doc. No. 126] is **GRANTED**, as more fully set forth herein. Within thirty (30) days of this Order, DoLee and O.W. Valve shall supplement their discovery responses in accordance with this Order. The Court trusts that any necessary document productions will occur in a timely manner and, to the extent necessary, in compliance with the Protective Order previously entered in this case. The parties shall bear their own fees and costs associated with the filing of the Motion.

**IT IS SO ORDERED** this 5th day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge