IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ACECO VALVES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-368-D |
| | ) | |
| BRAD NEAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Defendant O.W. Valve, LLC's Motion to Quash Subpoena Third-Party Subpoena of David Hudgins [Doc. No. 132]. Plaintiff filed a response [Doc. No. 138], and O.W. Valve's deadline to file a reply has expired. The matter is, therefore, fully briefed and at issue.

## **BACKGROUND**

A brief factual background giving rise to this case is set forth in the Court's recent order granting Plaintiff's Motion to Compel Discovery from O.W. Valve, LLC and Orvel Wolf II. *See* 1/5/2024 Order [Doc. No. 163] at 1-2. The Court adopts that recitation of facts for purposes of the instant Order.

Relevant here, Plaintiff served a subpoena on David Hudgins—Aceco's former Director of Engineering—seeking documents related to Mr. Hudgins' design work for O.W. Valve. Like Defendant Brad Neal, Mr. Hudgins left Aceco to join O.W. Valve shortly after Patsy Wolf sold Aceco. According to Plaintiff, Mr. Hudgins still possesses Plaintiff's valve designs, contrary to the representations he made in his separation agreement when leaving

Aceco for O.W. Valve. Plaintiff maintains that the documents and communications in Mr. Hudgins' possession are highly relevant to Plaintiff's claims, "particularly since the valves he designed for O.W. Valve are *identical* to Aceco's in *key* respects." Pl.'s Resp. at 5 (emphasis in original).

O.W. Valve has moved to quash the subpoena to Mr. Hudgins, arguing that the subpoena seeks irrelevant and confidential information and improperly seeks O.W. Valve's financial information before any judgment has been entered.

## STANDARD OF DECISION

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the Rules. *See Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). In general, "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003). An exception applies if the opposing party "asserts a personal right or privilege with respect to the materials subpoenaed." *Young v. Bowen*, No. CIV-21-704-PRW, 2021 WL 6062394, at *3 (W.D. Okla. Dec. 22, 2021) (citing 9A Charles A. Wright & Alan R. Miller, *Federal Practice & Procedure—Civil*, § 2463.1 Quashing or Modifying a Subpoena (3d ed.)).

A party seeking to quash a subpoena carries "a particularly heavy burden," as opposed to one seeking only limited protection. *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982); *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014). The objecting party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (internal quotation omitted).

## DISCUSSION

Plaintiff provided notice of its intention to serve a subpoena on non-party Mr. Hudgins. *See* Pl.'s Resp., Ex. 1 [Doc. No. 138-1]. Plaintiff, through the subpoena, requests that Mr. Hudgins produce the following documents:

> 1. All documents containing any financial data regarding Aceco Valve, LLC, and all communications regarding same.
>
> 2. All documents and communications regarding the source, design, development, or manufacture of valves and other products for sale or distribution by Aceco Valve, LLC.
>
> 3. All documents and communications regarding the source, design, development, or manufacture of valves and other products for sale or distribution by O.W. Valve or any other company with which Orvel Wolf II was to be affiliated.
>
> 4. All communications with all prospective or existing owners or investors in O.W. Valve and all prospective or existing employees, contractors, or consultants of O.W. Valve, and all documents regarding Aceco Valve or O.W. Valve exchanged with each such person or entity.
>
> 5. All business plans, marketing materials, brochures, advertisements, or other such sales and promotion related materials concerning O.W. Valve, or any other company with which Orvel Wolf II was to be affiliated, its products, and services, and all communications regarding same.
>
> 6. All documents, communications, or any other evidence reflecting, concerning, or otherwise relating to all sources of financing or capitalization necessary to form and launch O.W. Valve, or any other company with which Orvel Wolf II was to be affiliated.
>
> 7. All communications related to Aceco, Bill Neimann, Aamir Mahmood, or a new valve company, including but not limited to, O.W. Valve.
>
> 8. All communications regarding the lawsuit identified on the caption of this Subpoena.

      9. All communications, including cell phone text messages, to or from Orvel Wolf II, Brad Neal, Patricia Wolf or any other employee or agent of O.W. Valve regarding O.W. Valve's design, development, or marketing of its valves.

      10. All designs, drawing, and specifications that have been obtained, created, or modified in the process of designing any valves that O.W. Valve manufactures or sells. Documents responsive to this request should be produced in native format.

      11. Each design, drawing, or specification for each valve that O.W. Valve manufactures, sells, or intends to manufacture or sell. Documents responsive to this request should be produced in native format.

Hudgins Subpoena [Doc. No. 128-1] at 4.

      O.W. Valve has moved to quash the subpoena in its entirety. O.W. Valve first argues that it has standing to quash the subpoena, even though it is directed to Mr. Hudgins.[1] O.W. Valve next argues that post-injunction matters are irrelevant to pre-injunction claims. And, last, O.W. Valve argues that Plaintiff has failed to show the relevance of O.W. Valve's financial information pre-judgment.[2]

      Plaintiff counters that, as a threshold matter, the subpoena seeks relevant documents. Specifically, Plaintiff argues that it has "every right under the Federal Rules of Civil Procedure to explore how Defendants designed and developed their valves because it has,

---

[1] In its Response, Plaintiff does not contest O.W. Valve's assertion that it has standing to file the instant Motion. The Court agrees with O.W. Valve that it has standing and, therefore, does not further address its argument. See Kittles v. Harav, L.L.C., No. CIV-18-720-D, 2019 WL 6053022, at *2 (W.D. Okla. Nov. 15, 2019) ("To satisfy the standing requirement, the movant must specifically identify the personal right or privilege on which she relies.").

[2] O.W. Valve also states that, "[b]ecause O.W. Valve's arguments in [response to Plaintiff's] Motion to Compel and the instant motion rely on relevance and confidentiality, portions of those arguments are restated *infra* for the Court's convenience." O.W. Valve Mot. to Quash at 3. The Court addresses Mr. Hudgins' confidentiality concerns below.

at a minimum, a tendency to show, or lead to discovery that could show, whether Defendants—at any stage in their design and development process—unlawfully used Aceco's proprietary information." Pl.'s Resp. at 16. Plaintiff further argues that O.W. Valve's pre- versus post-injunction argument fails because O.W. Valve "mischaracterizes the issue as one of policing compliance with the injunction," as opposed to merely seeking relevant discovery. *Id.* at 16-19. Last, Plaintiff argues that O.W. Valve's confidentiality objection is no bar to turning over relevant discovery, and that O.W. Valve's argument regarding its financial information is incorrect. *Id.* at 20-22.

    The Court agrees with Plaintiff that the subpoena seeks relevant documents. *See* FED. R. CIV. P. 26(b)(1); *see also Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 823 (W.D. Pa. 2016) ("As set forth in the advisory committee notes to the 2015 amendments to Rule 26(b)(1) and the standing committee's commentary with respect to its proposed 2015 changes to Rule 26(b)(1), the scope of discovery is limited to matter that is relevant to claims or defenses and is proportional to the needs of a case."). For the reasons that follow, the Court rejects each argument raised in O.W. Valve's Motion.

    First, and for the reasons set forth in the Court's previous Order granting Plaintiff's Motion to Compel as to Orvel Wolf II and O.W. Valve, the Court does not find O.W. Valve's pre- versus post-injunction argument persuasive. *See* 1/5/2024 Order [Doc. No. 163] at 6.

    Second, the Court agrees with Plaintiff that O.W. Valve's concerns regarding confidentiality are addressed by the Agreed Protective Order previously entered in this case. *See* Agreed Protective Order [Doc. No. 20]. Confidentiality does not equate to privilege, and, in this case, O.W. Valve fails to set forth any particularized assertions

5

regarding why the subpoena should be quashed on the basis that it seeks confidential information. *See Miller v. Legacy Bank*, No. CIV-20-946-D, 2023 WL 2881792, at *4 (W.D. Okla. Apr. 10, 2023) ("Absent any particularized allegations, the Court cannot conclude that the subpoenas issued to Arvest Bank or Farmers Bank should be quashed solely because they seek, in Plaintiff's view, confidential information."); *Ruiz v. Wal-Mart, Inc.*, No. CIV-20-786-J, 2021 WL 5988424, at *1 (W.D. Okla. Aug. 27, 2021) ("To the extent the information sought requires protection, a Confidentiality Order has previously been entered in this matter that would address the Providers' concerns.").

Third, the Court agrees with Plaintiff that O.W. Valve's argument regarding its financial information appears to be an inadvertent carryover from its response to Plaintiff's Motion to Compel. *Compare* O.W. Valve and DoLee Resp. [Doc. No. 131] at 8-9, *with* O.W. Valve Mot. to Quash at 7. Because the at-issue subpoena does not appear to seek O.W. Valve's financial information, O.W. Valve's argument is rejected.

## CONCLUSION

Defendant O.W. Valve, LLC's Motion to Quash Subpoena Third-Party Subpoena of David Hudgins [Doc. No. 132] is **DENIED**, as more fully set forth herein. The parties shall bear their own fees and costs associated with the filing of the Motion.

**IT IS SO ORDERED** this 12th day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge