# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ACECO VALVES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-368-D |
| | ) | |
| BRAD NEAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Brad Neal's Motion for Partial Summary Judgment [Doc. No. 137]. Plaintiff responded in opposition [Doc. No. 142], and Mr. Neal filed a reply [Doc. No. 150]. The matter is fully briefed and at issue.

## BACKGROUND

This case involves the sale of a small-town valve manufacturing company. Along with her husband, Patricia Wolf owned and operated Aceco Valves, Inc., for many years. Multiple Wolf family members worked at Aceco, including Ms. Wolf's grandson, Defendant Orvel "DoLee" Wolf, II. On April 6, 2018, Ms. Wolf entered into an Asset Purchase Agreement (the "APA") to sell Aceco Valves, Inc., and all of its assets to MNergy, LLC. After the purchase, MNergy, LLC, changed its name to Aceco Valves, LLC.

This dispute concerns certain non-solicitation provisions set forth in the APA. These provisions prohibited Ms. Wolf and her "Affiliates" from inducing any Aceco employee to terminate their employment for a three-year period beginning on April 6, 2018. According to the APA's definitions, Ms. Wolf's grandson, DoLee, is considered an "Affiliate" of Ms.

Wolf. The APA also provided that if Ms. Wolf or her Affiliates violated any non-solicitation provision, Plaintiff would be entitled to an accounting and repayment of profits realized by Ms. Wolf or her Affiliates.

In 2020, DoLee began speaking with Defendant Brad Neal about forming a new valve company. Mr. Neal was a long-tenured employee of Aceco and worked as its General Manager under the Wolfs. He continued to work for Aceco after the April 6, 2018, sale. During the Restricted Period, however, DoLee began soliciting Mr. Neal to work for DoLee's new company, O.W. Valve, LLC. On November 23, 2020—less than two years after Plaintiff purchased Aceco—Mr. Neal resigned from his managerial position with Aceco and went to work for O.W. Valve.

Plaintiff asserts several causes of action against Mr. Neal, Ms. Wolf, DoLee Wolf, and O.W. Valve, LLC, arising out of the formation and launch of O.W. Valve. Relevant here, Mr. Neal requests that the Court grant summary judgment in his favor on Plaintiff's claims for misappropriation of confidential information, accounting, breach of the duty of loyalty, and civil conspiracy.[1]

## UNDISPUTED MATERIAL FACTS[2]

Plaintiff brings claims against Mr. Neal—who is not a party to the APA—for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA") and the

---

[1] While the instant Motion was pending, Plaintiff sought, and the Court granted, leave to file a third amended complaint. *See* 12/27/2023 Order [Doc. No. 161]; Third Am. Compl. [Doc. No. 162]. However, the amendments related solely to two new claims against Ms. Wolf, which are not directly relevant in resolving the instant Motion.

[2] This statement includes material facts that are supported by the record and not opposed in the manner required by FED. R. CIV. P. 56(c)(1) and LCvR56.1(c). All facts properly presented by a

Oklahoma Uniform Trade Secrets Act ("OUTSA"). Plaintiff also brings claims against Mr. Neal for misappropriation of confidential information, breach of loyalty, conspiracy, and accounting. Specifically, Plaintiff alleges that Mr. Neal misappropriated its "(a) quality manual; (b) quality procedures; (c) employee handbook; (d) drawings; (e) technical information for product design; (f) competitor data and catalogs; (g) quote log; (h) quote sheet design and layout including warranty, payment terms, etc.; (i) data sheets; (j) pricing information; (k) customer list; (l) vendor list; (m) outside sub-manufacturing list - machine shops; (n) technical material specification information; (o) rep list and price information; (p) machine programming files; and (q) valve testing procedures." Neal Mot. Summ. J. at 3.

Plaintiff asserts the alleged misappropriated information listed above "is not readily ascertainable, through proper means, by other persons who could obtain economic value from [its] disclosure or use." *Id.* (quoting Plaintiff's discovery responses). Plaintiff further asserts that the alleged misappropriated information listed above "is the subject of reasonable efforts to maintain its secrecy." *Id.* (quoting Plaintiff's discovery responses).

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the

---

party and not specifically controverted by an opponent are deemed admitted, pursuant to Fed. R. Civ. P. 56(e)(2) and LCvR56.1(e). Any fact stated by a party that is not supported by the party's citation to the record is disregarded.

governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the facts and evidence are such that a reasonable juror could return a verdict for either party. *Id.* All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

A movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); *see* FED. R. CIV. P. 56(c)(1)(A); *Bones*, 366 F.3d at 875 ("To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.").

## DISCUSSION

**I.     Mr. Neal is not entitled to summary judgment on Plaintiff's claim for misappropriation of confidential business information.**

Mr. Neal first argues that OUTSA displaces Plaintiff's claim for misappropriation of confidential business information. Neal Mot. Summ. J. at 6-9. But even if OUTSA does not displace Plaintiff's claim, Mr. Neal argues, the claim independently fails as a matter of law. *Id.* at 9-10. The Court will address each argument in turn.

4

**A.    OUTSA does not displace Plaintiff's claim for misappropriation of confidential business information.**

Mr. Neal relies on OUTSA's plain text in arguing that it "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of trade secret." *Id.* at 5 (quoting OKLA. STAT. tit. 78, § 92(A)). The only claims OUTSA does not displace, Mr. Neal argues, are those "not based upon misappropriation of a trade secret." *Id.* (quoting OKLA. STAT. tit. 78, § 92(B)(2)). Essentially, Mr. Neal argues that "[i]f a claim seeks recovery for the misuse of information that, as alleged, meets the definition of a trade secret, it is displaced." *Id.*

Plaintiff advances a narrower view of OUTSA's displacement standard and first notes that no comprehensive "Tenth Circuit opinion on OUTSA displacement exists." Pl.'s Resp. to Mot. Summ. J. at 22. Plaintiff cites to a recent decision from the Northern District of Oklahoma, *Tri-State Floors, Inc. v. Old Rule Servs., LLC*, No. 19-CV-707-JFH-JFJ, 2022 WL 4653717 (N.D. Okla. Sept. 30, 2022), in which the court detailed the district court split on displacement under OUTSA. *Id.* In *Tri-State Floors*, Plaintiff contends, the court "found the Tenth Circuit in *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1116 (10th Cir. 2009) had 'positively cited and followed' *Powell Prods., Inc. v. Marks*, 948 F. Supp. 1469 (D. Colo. 1996)." *Id.* at 22-23 (quoting *Tri-State Floors*, No. 2022 WL 4653717, at *13).

Having carefully considered the parties' positions, the Court finds that OUTSA does not displace Plaintiff's claim for misappropriation of confidential business information, so long as the claim is premised upon alleged duties to keep other confidential, non-trade secret information secret. *See CTI Servs. LLC v. Haremza*, 797 F. Supp. 2d 1257, 1262

(N.D. Okla. 2011) ("However, to the extent the claim is based upon breach of the alleged duties to keep other confidential business information secret, it is not displaced by OUTSA."). The Court finds Plaintiff's reliance on *Tri-State Floors* and *Am. Biomedical Grp., Inc. v. Techtrol, Inc.*, 374 P.3d 820 (Okla. 2016) persuasive.

In *Tri-State Floors*, the plaintiff brought a claim under OUTSA, along with "several Oklahoma common law torts." *Tri-State*, 2022 WL 4653717, at *1. Defendants argued that OUTSA displaced the plaintiff's state-law claims. *Id.* at *13. In noting that the Tenth Circuit has not "issued a comprehensive decision on OUTSA displacement or an analogous UTSA displacement provision," the court adopted the reasoning set forth in *Powell Prods., Inc. v. Marks*, 948 F. Supp. 1469 (D. Colo. 1996)—a case that the Tenth Circuit "previously cited and followed." *Id.* Relying on the *Powell Products* court's analysis, the court explained that, as opposed to a blanket preemption adopted by some courts, "displacement is appropriate only 'where other claims are no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secret misappropriation.'" *Id.* (quoting *Powell Prods.*, 948 F. Supp. at 1474). The court backed its reasoning with a relevant hypothetical:

> For example, a plaintiff may claim that the defendants interfered with its business relationships. Although the plaintiff may contend that it had trade secrets that defendants misappropriated in connection with that interference, defendants "could be liable for interference with business relations even if they did not misappropriate any trade secrets from plaintiff." By contrast, a plaintiff could raise a conversion claim alleging that defendants stole plaintiff's trade secrets. Such a claim would be displaced, because the claim's success depends exclusively on whether plaintiff possesses a trade secret that was misappropriated.

*Id.* (internal citations omitted).

Falling in line with *Tri-State Floors*, the Oklahoma Supreme Court held in *Techtrol* that OUTSA "leaves in place torts not based on misappropriation of a trade secret." 374 P.3d at 827. Indeed, the court concluded that:

> Section 92 of the OUTSA does not clearly express that it abrogates or displaces the common law tort of misappropriation of business information not qualifying as a trade secret under the OUTSA. Quite the contrary, Section 92 and the comments thereto exempt this common-law tort from its displacement provision.

*Id.* at 328.

Here, although Plaintiff, at this early stage, claims that all of the allegedly stolen information contained trade secrets, Mr. Neal—and, presumably, the other Defendants—do not agree. Therefore, assuming that Defendants did steal Plaintiff's information, there is at least one fact dispute as to how much of that information qualifies as a trade secret. As Plaintiff notes, "[i]f a factfinder decides some stolen information is not a trade secret but is still confidential, it will constitute legally protected business information." Pl.'s Resp. to Mot. Summ. J. at 25.

This rationale is squarely in line with the *Techtrol* court's holding that OUTSA "does not clearly express that it abrogates or displaces the common law tort of misappropriation of business information not qualifying as a trade secret under the OUTSA." *Techtrol*, 374 P.3d at 828; *see also Tri-State Floors*, 2022 WL 4653717, at *14 ("Even if Defendants did not misappropriate information that amounts to 'protectable trade secrets' from Tri-State, the alleged conduct could still support these tort theories of relief. For example, diverting customers to Old Rule using confidential pricing information could give rise to tortious

interference with business relations, breach of fiduciary duty, and fraud, regardless of whether the information is deemed a trade secret.").

To that point, the Court does not find Mr. Neal's reliance on *Gaedeke Holdings VII, Ltd. v. Mills*, No. CIV-11-649-M, 2014 WL 347629 (W.D. Okla. Jan. 30, 2014) persuasive, at least not at this juncture.[3] *Gaedke* involved a displacement analysis under OUTSA, and the court found that the "plaintiffs' conspiracy and conversion claims are based upon the alleged misappropriation of trade secrets." *Id.* at *4. But the court anchored its finding in evidence presented at trial, and its order was in response to the defendants' motion for judgment as a matter of law. *Id.* Further, the court specifically noted that the "Plaintiffs do not dispute that their conspiracy and conversion claims are based upon the alleged misappropriation of trade secrets," which is certainly not the case here. *Id.* n.3. As Plaintiff concedes, if further discovery shows that "all information stolen by Defendants qualified as trade secrets, it is possible Count 2 could be jettisoned before trial." Pl.'s Resp. to Mot. Summ. J. at 25.[4] But the Court is not convinced that Plaintiff's claim fails as a matter of law at this stage.

### B.   Mr. Neal is not otherwise entitled to summary judgment on Plaintiff's claim for misappropriation of confidential business information.

Mr. Neal argues that, even if Plaintiff's claim for misappropriation of confidential business information is not displaced, the claim still fails as a matter of law. Neal Mot.

---

[3] In addition to the *Gaedke* court's analysis coming at a much different procedural posture of the case, the Court agrees with the *Tri-State Floors* court's assessment that the *Gaedke* court's analysis is "inconsistent with *Powell Products* and *Hertz*." *See Tri-State*, 2022 WL 4653717, at *13 n.12.

[4] Taking Plaintiff at its word, the Court certainly encourages Plaintiff to continuously evaluate the viability of its claims during, and after, the discovery phase of this case.

Summ. J. at 9. Mr. Neal's argument is limited to the assertion that Plaintiff "has not alleged any of the elements or facts sufficient to establish any such claim under law." *Id.*

Plaintiff counters that, as an initial matter, Mr. Neal "does not identify which element of a misappropriation of confidential information claim was not stated." Pl.'s Resp. to Mot. Summ. J. at 26. Even so, Plaintiff continues, its allegations are sufficient to state a claim, and Mr. Neal's cited legal authority is inapposite. *Id.* at 26-27.

The Court finds that there are disputed fact issues regarding Plaintiff's claim for misappropriation of confidential business information. First and foremost, Mr. Neal fails to set forth any facts establishing that Plaintiff's claim for misappropriation of confidential business information fails as a matter of law. *Compare* Neal Mot. Summ. J. at 2-4, *with Techtrol*, 374 P.3d at 825 (noting that "Oklahoma has recognized the tort of misappropriation of business information" as "[o]ne who, for the purpose of advancing a rival business interest, procures by improper means information about another's business is liable to the other for the harm caused by his possession, disclosure or use of the information") (quoting *ABC Coating Co. v. J. Harris & Sons Ltd.,* 747 P.2d 266, 270 (Okla. 1986)). Instead, as Plaintiff notes, Mr. Neal's undisputed facts are tailored to his argument that certain of Plaintiff's claims are displaced—not tailored to the argument that there is no genuine factual dispute, and Plaintiff's claim for misappropriation of confidential business information otherwise fails as a matter of law.

Based on the record before it, the Court does not find that Plaintiff's claim for misappropriation of confidential business information fails as a matter of law.

## II.     Mr. Neal is not entitled to summary judgment on Plaintiff's claim for breach of the duty of loyalty.

Mr. Neal argues that Plaintiff's claim for breach of the duty of loyalty fails for three reasons. First, Mr. Neal argues that Oklahoma law does not recognize a cause of action for a "breach of the duty of loyalty," and where courts have permitted such a cause of action, it was limited to a situation in which an employee competes with his employer. Neal Mot. Summ. J. at 10. Second, Mr. Neal argues that Plaintiff's "allegation of 'stealing confidential information' is just restated misappropriation and is displaced for the reasons set forth above." *Id.* at 11. Third, Mr. Neal argues that "an employee is permitted to take reasonable steps to prepare to compete with his employer (even initiating a rival business), and he is not obligated to disclose those preparations to his employer." *Id.*

In response, Plaintiff relies on *United Built Homes, L.L.C. v. Middleton*, No. CIV-20-722-J, 2021 WL 6328014 (W.D. Okla. Nov. 2, 2021) in arguing that Mr. Neal, as a higher-level employee of Aceco, owed the company a more-encompassing duty of loyalty. *See* Pl.'s Resp. to Mot. Summ. J. at 28. Plaintiff further argues that there are fact issues as to numerous of Mr. Neal's alleged breaches of the duty of loyalty. *Id.* at 29-31.

To establish breach of a fiduciary duty, Plaintiff must prove: "(1) the existence of a fiduciary relationship; (2) a breach of a fiduciary duty; and (3) the breach of a fiduciary duty was the direct cause of damages." *Graves v. Johnson*, 359 P.3d 1151, 1155 (Okla. Civ. App. 2015). "[H]igher-level employees such as managers or others in positions of authority or confidence are subject to higher fiduciary standards distinct from the basic duty of

loyalty." *Blue Star Land Servs., LLC v. Coleman*, No. CIV-17-931-R, 2017 WL 6210901, at *8 (W.D. Okla. Dec. 8, 2017).

Mr. Neal does not assert any undisputed facts regarding his employee-employer relationship with Plaintiff. However, as Plaintiff notes, the record suggests that Mr. Neal was a "higher-level employee" with Plaintiff, which would give rise to a duty "distinct from the basic duty of loyalty." *See id.*; *see also United Built Homes,* 2021 WL 6328014, at *3 ("Here, the undisputed evidence establishes that Defendant Middleton was a supervisor at UBH during the relevant time[.] . . . Accordingly, the Court finds Plaintiff has established as a matter of law that Defendant Middleton had a fiduciary relationship with UBH."). As to breach and damages, the Court finds that Mr. Neal has failed to set forth any undisputed material facts that would foreclose Plaintiff from proving either element at trial. *See* Neal Mot. Summ. J. at 2-4.

Based on the record before it, the Court finds that Mr. Neal is not entitled to summary judgment on Plaintiff's claim for breach of the duty of loyalty.

## III. Mr. Neal is not entitled to summary judgment on Plaintiff's conspiracy claim.

Mr. Neal argues that Plaintiff's conspiracy claim is displaced by OUTSA. Neal Mot. Summ. J. at 12. In response, Plaintiff argues that its conspiracy claim survives based on the decisions in *Hertz* and *Tri-State*. *See* Pl.'s Resp. to Mot. Summ. J. at 31. Regardless of which displacement standard applies, Plaintiff argues that its claim survives because the alleged conspiracy "is not based 'entirely' on trade secrets," as Plaintiff claims that Mr. Neal ignores the "conspiracy to violate the [APA]." *Id.* at 32.

For the reasons explained in the Court's analysis of Plaintiff's claim for misappropriation of business information, the Court concludes that Plaintiff's conspiracy claim—to the extent it is based on an alleged conspiracy to steal confidential, non-trade secret information—is not displaced. Although the Court agrees with Mr. Neal that an alleged conspiracy based solely on Defendants' conspiring to violate the APA is improper, as a conspiracy claim must be based on an underlying tort, Plaintiff alleges that Mr. Neal conspired to steal confidential, non-trade secret information. *See AKC ex rel. Carroll v. Lawton Indep. Sch. Dist. No. 8*, 9 F. Supp. 3d 1240, 1245 (W.D. Okla. 2014) ("[I]n order for a civil conspiracy to lie, it must be based on an underlying tort."). And, aside from his displacement argument, Mr. Neal sets forth no undisputed facts establishing that Plaintiff's conspiracy claim fails as a matter of law.

Based on the record before it, the Court finds that Mr. Neal is not entitled to summary judgment on Plaintiff's conspiracy claim.

## IV. Mr. Neal is entitled to summary judgment on Plaintiff's accounting claim.

Plaintiff agrees to withdraw its accounting claim as to Mr. Neal. Pl.'s Resp. to Mot. Summ. J. at 32. Therefore, Mr. Neal is entitled to summary judgment on Plaintiff's accounting claim against him only. Plaintiff's accounting claim remains as to the other Defendants.

## CONCLUSION

For these reasons, Defendant Brad Neal's Motion for Partial Summary Judgment [Doc. No. 137] is **GRANTED IN PART** and **DENIED IN PART**, as fully set forth herein.

**IT IS SO ORDERED** this 23rd day of January, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge